MARLA J. MILLER (BAR NO. 98425)
JILL D. NEIMAN (BAR NO. 164702)
ROBERT S. McARTHUR (BAR NO. 204604)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

Attorneys for Defendant and Counterclaimant
ELECTRO SCIENTIFIC INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GSI LUMONICS CORPORATION, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRO SCIENTIFIC INDUSTRIES, INC., an Oregon corporation,<br><br>Defendant. | Case No. C-03-04302-MHP<br><br>**DEFENDANT ELECTRO SCIENTIFIC INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | **ANSWER** |
| 2 | Defendant Electro Scientific Industries, Inc. ("ESI") hereby answers the First Amended |
| 3 | Complaint For Patent Infringement ("Complaint") of Plaintiff GSI Lumonics Corporation ("GSI") as |
| 4 | follows: |
| 5 | 1.     In answering paragraph 1 of the Complaint, ESI admits that the Complaint purports to |
| 6 | state a claim for patent infringement arising under 35 U.S.C. § 100, *et seq.* ESI further admits that |
| 7 | subject matter jurisdiction is proper under 28 U.S.C. § 1338(a). As used in the Complaint, ESI |
| 8 | construes "this judicial district" as referring to the Central District of California, where the Complaint |
| 9 | was filed. Pursuant to the Stipulation Transferring Case and Order by the Honorable Percy Anderson |
| 10 | of the Central District of California, filed September 18, 2003 ("Order"), venue for this action does |
| 11 | not properly lie in the Central District of California, but rather venue properly lies in the Northern |
| 12 | District of California. (Order ¶¶ 6-7.) Accordingly, ESI denies that venue is proper in Central |
| 13 | District of California, but admits that it is proper in the Northern District of California. |
| 14 | 2.     In answering paragraph 2 of the Complaint, ESI is without sufficient knowledge or |
| 15 | information to form a belief as to the truth of the allegations contained therein and on that basis |
| 16 | denies them. |
| 17 | 3.     ESI admits the allegations of paragraph 3 of the Complaint. |
| 18 | 4.     In answering paragraphs 4 though 12 of the Complaint, ESI responds that these |
| 19 | allegations were added to the First Amended Complaint after the Court in the Central District entered |
| 20 | an Order to Show Cause directing GSI Lumonics Corporation ("GSI") to explain why this action |
| 21 | should not be dismissed for improper venue or transferred to another forum. (*See* Order ¶¶ 1-2.) The |
| 22 | new allegations in paragraphs 4 through 12 were pertinent to whether venue over this dispute was |
| 23 | proper in the Central District of California. (Order ¶ 3.) Because the Court in the Central District of |
| 24 | California found that venue is not proper in the Central District of California and transferred this |
| 25 | action to the Northern District of California (Order ¶¶ 6-8), the allegations of paragraphs 4 through |
| 26 | 12 are irrelevant to this case, and ESI, therefore, denies them as irrelevant. |
| 27 | 5.     In answering paragraph 13 of the Complaint, ESI admits that the face page of United |
| 28 | States Patent No. 6,181,728 ("the '728 patent") indicates that it is entitled "Controlling Laser |

Polarization" and that it was issued by the United States Patent and Trademark Office ("PTO") on January 30, 2001. ESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 13, and on that basis denies them.

6. In answering paragraph 14 of the Complaint, ESI admits that the face page of United States Patent No. 6,337,462 ("the '462 patent") indicates that it is entitled "Laser Processing" and that it was issued by the PTO on January 8, 2002. ESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14, and on that basis denies them.

7. In answering paragraph 15 of the Complaint, ESI admits that the face page of United States Patent No. 6, 573,473 ("the '473 patent") indicates that it is entitled "Method and System for Precisely Positioning a Waist of a Material-Processing Laser Beam to Process Microstructures Within a Laser-Processing Site" and that it was issued by the PTO on June 3, 2003. ESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 15, and on that basis denies them.

8. In answering paragraph 16 of the Complaint, ESI expressly incorporates its responses to the allegations of Paragraphs 1 through 15, as though fully set forth herein.

9. In answering paragraph 17 of the Complaint, ESI admits that the Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 271 and 281.

10. ESI denies the allegations contained in Paragraph 18 of the Complaint.

11. ESI denies the allegations contained in Paragraph 19 of the Complaint.

12. ESI denies the allegations contained in Paragraph 20 of the Complaint.

13. ESI denies the allegations contained in Paragraph 21 of the Complaint.

14. ESI denies the allegations contained in Paragraph 22 of the Complaint.

15. In answering paragraph 23 of the Complaint, ESI expressly incorporates its responses to the allegations of Paragraphs 1 through 22, as though fully set forth herein.

16. In answering paragraph 24 of the Complaint, ESI admits that the Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 271 and 281.

17. ESI denies the allegations contained in Paragraph 25 of the Complaint.

| | | |
|---|---|---|
| 1 | 18. | ESI denies the allegations contained in Paragraph 26 of the Complaint. |
| 2 | 19. | ESI denies the allegations contained in Paragraph 27 of the Complaint. |
| 3 | 20. | ESI denies the allegations contained in Paragraph 28 of the Complaint. |
| 4 | 21. | ESI denies the allegations contained in Paragraph 29 of the Complaint. |

22. In answering paragraph 30 of the Complaint, ESI expressly incorporates its responses to the allegations of Paragraphs 1 through 29, as though fully set forth herein.

23. In answering paragraph 31 of the Complaint, ESI admits that the Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 271 and 281.

24. ESI denies the allegations contained in Paragraph 32 of the Complaint.

25. ESI denies the allegations contained in Paragraph 33 of the Complaint.

26. ESI denies the allegations contained in Paragraph 34 of the Complaint.

27. ESI denies the allegations contained in Paragraph 35 of the Complaint.

28. ESI denies the allegations contained in Paragraph 36 of the Complaint.

29. To the extent not specifically admitted herein, ESI denies any and all other averments set forth in the Complaint and denies that GSI is entitled to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

30. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE: INVALIDITY**

31. ESI is informed and believes and on that basis alleges that each of the claims of the '728 patent, '462 patent and the '473 patent is invalid, pursuant to Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE: NON-INFRINGEMENT**

32. ESI does not currently infringe and has never infringed, either literally or under the doctrine of equivalents, any claim of the '728 patent, the '462 patent or the '473 patent as properly construed. ESI also has not induced and does not induce the infringement of any properly construed claim of the '728 patent, '462 patent or the '473 patent.

**FOURTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

33. ESI is informed and believes and on that basis alleges that GSI is precluded by prosecution history estoppel from asserting a scope of interpretation of the claims of the '728 patent, '462 patent or the '473 patent broad enough to cover ESI's products or ESI's activities.

ESI hereby COUNTERCLAIMS and alleges as follows:

**COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT**

34. ESI incorporates by reference all of the foregoing allegations and averments of its answer and its affirmative defenses.

35. This is an action for declaratory judgment arising under the Federal Declaratory Judgment Act and the patent laws of the United States. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a), 1331, 1367, and 2201. Venue in the Northern District of California is proper under 28 U.S.C. § 1391(b) & (c).

36. Counterclaimant Electro Scientific Industries, Inc. ("ESI") is a corporation organized under the laws of the State of Oregon, having a principal place of business at 13900 NW Science Park Drive, Portland, Oregon 97229.

37. ESI is informed and believes and on that basis alleges that Counterclaim Defendant GSI Lumonics Corporation ("GSI") is a corporation organized under the laws of the State of Michigan.

38. In this action, GSI alleges it is the owner of the entire right, title and interest in and to United States Letters Patent No. 6,181,728 (the "'728 patent").

39. In this action, GSI alleges it is the owner of the entire right, title and interest in and to United States Letters Patent No. 6,337,462 (the "'462 patent").

40. In this action, GSI alleges it is the owner of the entire right, title and interest in and to United States Letters Patent No. 6,573,473 (the "'473 patent").

41. GSI has brought suit against ESI in this action, alleging that ESI is infringing and/or has infringed the '728, '462 and '473 patents.

1    42.     By virtue of the litigation that GSI has initiated against ESI, an actual and justiciable controversy exists between these parties concerning the validity and enforceability of the '728, '462 and '473 patents and concerning ESI's liability for alleged infringement thereof.

2    43.     ESI is informed and believes and on that basis alleges that each of the claims of the '728, '462 and '473 patents is invalid or unenforceable, pursuant to Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

3    44.     None of ESI's products or activities currently infringes or has ever infringed any of the claims of the '728, '462 and '473 patents as correctly construed, either literally or under the doctrine of equivalents, nor has ESI induced others, or does ESI currently induce others, to infringe the '728, '462 and '473 patents.

4    45.     This action qualifies as an exceptional case supporting an award of reasonable attorneys' fees, costs, and expenses for ESI and against GSI pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant ESI requests that the Court:

A.     Enter judgment in favor of ESI and against GSI on all claims in GSI's Complaint;

B.     Enter a declaratory judgment that the '728, '462, and '473 patents are invalid and/or unenforceable;

C.     Enter a declaratory judgment that the '728, '462, and '473 patents are not infringed by ESI and that ESI has not induced others to infringe these patents;

1    D.   Award ESI its attorneys' fees, expenses and costs in this action; and

2    E.   Enter such other and further relief to which Defendants may be entitled as a matter of

3  law, or which may otherwise be just and proper.

4    Dated: October 7, 2003

MARLA J. MILLER
JILL D. NEIMAN
ROBERT S. McARTHUR
MORRISON & FOERSTER LLP

By: /S/ Marla J. Miller
    Marla J. Miller

Attorneys for Defendant and Counterclaimant
ELECTRO SCIENTIFIC INDUSTRIES, INC.

## JURY DEMAND

Defendant and Counterclaimant Electro Scientific Industries, Inc. hereby demands trial by jury on all issues to be tried.

Dated: October 7, 2003

MARLA J. MILLER
JILL D. NEIMAN
ROBERT S. McARTHUR
MORRISON & FOERSTER LLP

By: /S/ Marla J. Miller
Marla J. Miller

Attorneys for Defendant and Counterclaimant
ELECTRO SCIENTIFIC INDUSTRIES, INC.

# DEFENDANT ELECTRO SCIENTIFIC INDUSTRIES, INC.'S CERTIFICATION OF INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 7, 2003

MARLA J. MILLER
JILL D. NEIMAN
ROBERT S. McARTHUR
MORRISON & FOERSTER LLP

By: /S/ Marla J. Miller
Marla J. Miller

Attorneys for Defendant and Counterclaimant
ELECTRO SCIENTIFIC INDUSTRIES, INC.

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY U.S. MAIL** |
| 2 | I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for delivery and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited in a box or other facility regularly maintained by United Parcel Service or delivered to an authorized courier or driver authorized by United Parcel Service to receive documents on the same date that it is placed at Morrison & Foerster for collection. |

I further declare that on the date hereof I served a copy of:

**DEFENDANT ELECTRO SCIENTIFIC INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

on the following by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows for collection by United Parcel Service at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, in accordance with Morrison & Foerster's ordinary business practices:

(courtesy copy served via fax)

Don W. Martens
Joseph F. Jennings
Gregory A. Hermanson
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Ste. 1400
Irvine, CA 92614
Fax: (949) 760-9502

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at San Francisco, California, this 7th day of October, 2003.

| Helen Jorgenson | /S/ Helen Jorgenson |
|---|---|
| (typed) | (signature) |